IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv-00259-CMA

GERALDINE VARGAS,

    Plaintiff,

v.

NASH-FINCH COMPANY, D/B/A AVANZA SUPERMARKET, a Delaware Corporation,

    Defendant.

---

**ORDER REMANDING CASE TO STATE COURT**

---

This matter is before the Court *sua sponte*. For the following reasons, the Court REMANDS the case to the District Court, City and County of Denver, Colorado, for further proceedings.

On December 1, 2009, Plaintiff filed a Complaint in state court alleging that Defendant is liable for injuries she sustained arising from a slip and fall in a grocery store owned and operated by Defendant. (Doc. # 1-2.)

More than two months passed before Defendant removed the action to this Court, on February 8, 2010. (Doc. # 1.) Defendant asserts it did not remove earlier because it did not have information regarding the amount in controversy until Plaintiff filed her initial disclosures on February 5, 2010. (*Id.*, ¶¶ 2, 3.)

Removal is governed in part by 28 U.S.C. § 1446. The first paragraph of § 1446(b) states in part that "[t]he notice of removal of a civil action or proceeding

shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  28 U.S.C. § 1446(b).

The second paragraph of § 1446(b) states in part that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of . . . other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."  *Id*.

"Under § 1446(b), the removal period does not begin until the defendant is able 'to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'"  *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1078 (10th Cir. 1999) (citing *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)).

Absent a foray into the second paragraph of §1446(b), Defendant had thirty days after receipt of the initial pleading to remove the case to federal court.  And based on the plain language of the statute, the second paragraph of § 1446(b) only comes into play "**[i]f** the case stated by the initial pleading is not removable . . . ."  28 U.S.C. § 1446(b) (emphasis added).

Thus, the question before the Court is whether the case stated by the initial pleading was removable or, in other words, whether Defendant was "able to  intelligently ascertain removability" from Plaintiff's initial pleading.  *Huffman*, 194 F.3d at 1078.  If "yes," then Defendant's removal was untimely.  If the answer is "no," however, then the

second paragraph of §1446(b) is triggered and Defendant can resort to its argument that Plaintiff's initial disclosures constituted "other paper" by which to demonstrate the requisite amount in controversy.  (*See* Doc. # 1, ¶ 6.)

Defendant claims that "at the time [the initial pleading] was filed and served, there was **no other information** from which Defendant could reasonably conclude the amount in controversy . . ." (Doc. # 1, ¶ 8.) (emphasis added).  A review of Plaintiff's initial pleading, however, suggests otherwise.

First, consider the Civil Case Cover Sheet, in which Plaintiff indicated she is seeking a monetary judgment for more than $100,000.00.  (Doc. # 1-3, ¶ 2.)  Second, the Complaint itself, in which Plaintiff asserts that as a result of the fall she suffered "serious injuries, damages, and losses, including without limitation, shoulder injury with associated surgery, permanent physical injury, permanent impairment, aggravation of a pre-existing condition, loss of income in the past and in the future, physical and mental pain and suffering, mental anguish, emotional distress, and loss of enjoyment of life." (Doc. # 1-2, ¶ 10.)  She also states that she is seeking "an amount that will fully and fairly compensate Plaintiff for her injuries, damages, and losses, plus interest from the date of the incident, costs and expenses, expert witness fees, [and] attorneys' fees . . . ." (*Id.*, ¶ 17.)

While it is true that the Civil Case Cover Sheet, by itself, is insufficient to establish the requisite amount in controversy,[1] here, the cover sheet in combination

---

[1] *Baker v. Sears Holding Corp.*, 557 F.Supp.2d 1208, 1215 (D. Colo. 2007) ("The Court concludes that reliance *solely* on the Civil Cover Sheet as a demonstration of the amount in controversy is not permissible . . .") (emphasis added).

with the Complaint suggests to the Court – and should have suggested to Defendant – that Plaintiff's claims reasonably amounted to a monetary judgment exceeding $75,000.

Accordingly, the Court finds that the thirty day period for removal began ticking upon Defendant's receipt of Plaintiff's initial pleading.  Thus, the second paragraph of § 1446 was never triggered and Defendant's "other paper" argument fails.  Given these findings, the Court will not allow Defendant to stay in federal court.  If it did, then future defendants may feel encouraged to skirt the removal rules by claiming ignorance to jurisdictional information while delaying the moment of removal.

Accordingly,

This action is REMANDED to the District Court, City and County of Denver, Colorado, for further proceedings.

DATED:  February   11  , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge